**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

JOSHUA JONES,                                                                                    PLAINTIFF
ADC# 658234

v.                                           2:14CV00136-JM-JJV

DANNY BURL, Warden,
East Arkansas Regional Unit: *et al.*                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge

James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.    Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

not offered at  the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**PARTIAL DISPOSITION**

## I.    INTRODUCTION

Joshua Jones ("Plaintiff") filed this action alleging that Defendants violated his constitutional rights by exhibiting deliberate indifference to his serious medical needs.  (Doc. No. 2.)  Now, separate Defendants Danny Burl, Royry Griffin,[1] and David Mills have filed a Motion for Summary Judgment. (Doc. No. 14.) Plaintiff has responded (Doc. No. 22) and filed his own Motion for Summary Judgment against all named Defendants (Doc. No. 24).  All Defendants have responded to Plaintiff's Motion (Doc. Nos. 30, 32).

## II.    SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th

---

[1]"Royry Griffin" is appropriately "Rory Griffin." The Clerk of Court shall reflect this change on the docket.

2

Cir. 2002).   The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).   The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted).   A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.   ANALYSIS

Plaintiff alleges that, while incarcerated at the East Arkansas Regional Unit ("EARU"), Defendants failed to provide him constitutionally adequate medical care. (Doc. No. 2 at 4.) Defendants Danny Burl, Rory Griffin, and David Mills argue that Plaintiff's claims against them should be dismissed for failure to exhaust administrative remedies. (Doc. No. 15.) Plaintiff counters by arguing that he has exhausted administrative remedies and that the weight of evidence entitles him to judgment as a matter of law. (Doc. No. 25.) The Court will evaluate Defendants' exhaustion arguments before turning to Plaintiff's Motion for Summary Judgment.

### A.   Exhaustion as to Defendants Burl, Griffin, and Mills

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected

to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

To fully and properly exhaust administrative remedies within the Arkansas Department of Correction ("ADC"), a prisoner must file: (1) an informal resolution with the designated problem solver; (2) a formal grievance with the Health Services Administrator; and (3) an appeal of the grievance denial to the ADC Deputy/Assistant Director. (Doc. No. 16-2 at 5-13 (ADC Adm. Dir. 14-16 § IV(E) through (G)).

ADC grievance procedure explicitly requires inmates to name the personnel involved in the grieved issue. (Doc. No. 16-2 at 5-6.) Defendants offer the affidavit of the ADC Medical Grievance Coordinator, Shelly Byers, which states that Plaintiff did not exhaust any grievance naming Defendants Burl, Griffin, or Mills between the date he entered the EARU (August 8, 2014) and the date this action was filed (November 21, 2014). (Doc. No. 16-3 at ¶¶ 3-4.) Plaintiff points to the grievances attached to his Complaint (Doc. No. 2 at 10-20) and those subsequently filed as

"Evidence" (Doc. No. 5) as evidence of his exhaustion. While these grievances do speak to Plaintiff's medical claims, none of them specifically names Defendants Burl, Griffin, or Mills. Moreover, there is no indication that reviewing officials considered the conduct of these Defendants in reaching their administrative conclusions. Absent such evidence, the Court concludes that Plaintiff failed to exhaust his current claims against these Defendants and they are entitled to dismissal without prejudice.

### B.      Plaintiff's Motion for Summary Judgment

Plaintiff argues he is entitled to summary judgment on all claims because Defendants knew of his inadequate treatment, but took no steps to resolve the problem. Plaintiff provides no evidence beyond his own allegations to support his Motion.[2]  For their part, Defendants have flatly denied Plaintiff's claims. (Doc. Nos. 30, 32.) Accordingly, the Court finds that a genuine issue of material fact remains and Plaintiff's motion must be denied.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.      The Clerk of Court alter the docket to reflect that "Royry Griffin" is appropriately "Rory Griffin";

2.      Defendants Danny Burl, Rory Griffin, and David Mills' Motion for Summary Judgment (Doc. No. 14) be GRANTED and they be DISMISSED without prejudice due to Plaintiff's failure to fully exhaust his administrative remedies against them;

3.      Plaintiff's Motion for Summary Judgment (Doc. No. 24) be DENIED;

4.      The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma*

---

[2]Plaintiff has attached various grievance documents as a "Declaration." (Doc. No. 26.) None of these documents, however, proves or otherwise convincingly supports Plaintiff's claim that Defendants have ignored his allegedly inadequate treatment.

*pauperis* appeal from an Order adopting this Recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 29th day of January, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE